In the Matter of Supplementary Proceedings: H. B. G. HOLDING CORPORATION, Judgment Creditor, *v.* BESSIE PATT and Others, Judgment Debtors.

County Court, Special Term, Sullivan County, September 20, 1937.

*Meyer A. Novick,* for the judgment creditor.

*Benjamin M. Goldstein,* for the judgment debtors.

GARDNER, Special County Judge. This application under section 793 of the Civil Practice Act seeks to vacate an order heretofore made by this court fixing the amount of compensation to be paid the judgment debtor Bessie Patt by the Brobess Operating Corporation after an examination of the judgment debtor Bessie Patt in supplementary proceedings.

Among other points raised by the judgment debtor Bessie Patt on this motion is that an order cannot or should not provide for fixing of compensation for services already rendered, but that the order may only fix compensation for services rendered from then onward or words to that effect. In this case it appears that an order was made fixing the compensation of the said judgment debtor for services theretofore rendered, the order having been dated August 30, 1937, and fixing compensation for the season of 1937 or from June 23, 1937, and to pay therefrom a certain portion thereof to the attorney for the judgment creditor herein, the application for the order fixing compensation having been made under the provisions of section 793 of the Civil Practice Act, as added by chapter 630 of the Laws of 1935.

The provisions of section 793 of the Civil Practice Act, as added by chapter 630 of the Laws of 1935 and as amended by chapter 586

of the Laws of 1937, are new and are in fact additions to the law and practice heretofore existing with relation to proceedings supplementary to execution, and apply to orders to be made where a judgment debtor claims or is proved to be rendering services to or employed by a relative or other person or by a corporation owned and controlled by a relative or other person without salary or compensation or at a salary or compensation so inadequate as to satisfy the court that such salary or compensation is merely colorable and designed to defraud or impede the creditors of such corporation. The court may direct such debtor to make payments on account of the judgment in installments based upon a reasonable value of the services rendered by such judgment debtor under his employment or upon said debtor's then earning ability.

It is urged on the part of the judgment creditor that the word " rendered " shall apply to services theretofore performed by judgment debtor, in that the word " rendered " is in the past tense. Therefore, in the opinion of this court, it is deemed advisable to construe section 793 in that respect. There appear to be no authorities to support this contention, at least none have been submitted to me.

The opinion of this court is and it is, therefore, held on this motion that the provisions of section 793 of the Civil Practice Act in regard to fixing of compensation of a judgment debtor as therein provided for, apply to compensation earned from the signing of the order fixing compensation onward.

It accordingly follows that this motion for the vacating of the order fixing compensation for services already rendered when the order was granted shall be granted in that respect.

Other reasons were urged upon this court as to why the order should be vacated; however, disposition having been made as above, this court deems it unnecessary to consider them at this time.

Motion granted, without costs.

Submit order.